**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LISA LOCKHART, ON HER OWN BEHALF**
**AND OTHERS SIMILARLY SITUATED,**

      **Plaintiff,**

-vs-                                  Case No. 6:07-cv-2038-Orl-28GJK

**HAILEY CO. INCORPORATED, CDS**
**COURIER LGW, INC.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

TO THE UNTIED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **THIRD JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT (Doc. No. 29)**
>
> **FILED:** February 5, 2009
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

**I.    BACKGROUND**

On December 28, 2007, Plaintiff filed a complaint (the "Complaint") against Hailey Co. Incorporated ("Hailey") and CDS Courier LGW, Inc. ("CDS") (collectively, the "Defendants") for unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA"). Doc. No. 1. On January 25, 2008, CDS filed an Answer and Affirmative Defenses (the

"Answer"), but Hailey did not respond to the Complaint. Doc. No. 8.[1] Plaintiff and CDS jointly move (the "Motion") the Court to approve their settlement agreement (the Agreement) (Doc. No. 27-2) of Plaintiff's claims and to dismiss the case with prejudice. Doc. No. 29.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this Fair Labor Standards Act settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize the settlement agreement to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;

---

[1] On September 11, 2008, the Clerk entered default against Hailey. Doc. No. 22. On February 5, 2009, Plaintiff voluntarily dismissed Hailey as a defendant. Doc. No. 30.

>(3) the stage of the proceedings and the amount of discovery completed;
>(4) the probability of plaintiff's success on the merits;
>(5) the range of possible recovery; and
>(6) the opinions of counsel.

See Leverso v. South Trust Bank of Ala. Nat. Assoc., 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. Cotton v. Hinton, 559 F. 2d 1326, 1331 (5th Cir. 1977).[2] The district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc., 679 F.2d at 1353. In order for the Court to determine whether the proposed Settlement is fair and reasonable:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorneys' fees; the parties cannot contract in derogation of FLSA provisions.

See Silva v. Miller, No. 08-12011, 2009 WL 73164 *2 (11th Cir. Jan. 13, 2009).[3]

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. See Doc. Nos. 1, 29. Each party to the Agreement was represented by independent counsel obligated to vigorously represent their clients. The parties agreed to settle Plaintiff's claim in exchange for a release

---

[2]Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (decision from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

[3]Although the mandate has not yet issued in the Silva case, and the unpublished opinion is not binding on the Court, see 11th Cir. R. 36-2, the Court finds the opinion to be persuasive authority. Zegers v. Countrywide Mortg. Ventures, LLC, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

of all claims for a total sum of $7,500.00, representing $1,438.57 in unpaid overtime wages to be paid directly to Plaintiff, $1,438.58 in liquidated damages to be paid directly to Plaintiff, and $4,622.85 in attorneys' fees and costs to be paid directly to counsel for Plaintiff. Doc. No. 27-2 at 2.

> The payment[s] will be made in three equal increments. Each payment will include two checks - one check for Plaintiff in the amount of $959.05, and one for Plaintiff's counsel in the amount $1,540.95.

*Id*. at ¶ 1. In the Answers to Court's Interrogatories, Plaintiff stated that she was paid straight time for all overtime hours worked. Doc. No. 13-3. In the Motion, Plaintiff states that the amounts she will receive as a result the Agreement will be based on half-time calculations and will resolve her claims in full. Doc. No. 29 at 4. "Defendant has produced documents showing that Plaintiff worked a total of 223.38 overtime hours within the statute of limitations period, and Plaintiff has confirmed the accuracy of these documents and the overtime hours work. [223.38 hours x $6.44 (half-time) = $1,438.57 (unliquidated) x 2 = $2,877.13 (liquidated)]." *Id*. Attached to the Motion is counsel's affidavit, stating that no portion of Plaintiff's recovery is being paid to counsel. Doc. No.29-2 at ¶ 4. Counsel for Plaintiff attaches a detailed time sheet showing 20.6 hours of attorney time spent on the case at a rate of $300.00 equaling $6,180.00 in attorney's fees. Doc. No. 29-3 at 6.[4] The Court finds that the difference between the amount of attorney's fees counsel will receive as part of the settlement ($4,622.85) and the amount of attorney's fees in the time sheet ($6,180.00) reflects a reasonable compromise. The Court also finds the proposed Agreement in exchange for Plaintiff's release of all claims and dismissal of the action with

---

[4]In support of the hourly rate claimed by counsel, Attorney Frisch states that he has been practicing wage and hour law since 2001, he has lectured on wage and hour law within the past two years, and he was recently awarded a reasonable hourly rate of $275.00 per hour in an FLSA case in the United States District Court for the Southern District of Florida. Doc. No. 29-2. Frisch attaches a copy of the order to his affidavit. Doc. No. 24-6.

prejudice to be fair and reasonable.

**THEREON IT IS RECOMMENDED THAT THE COURT:**

1. GRANT the Motion (Doc. No. 29) only to the extent that the Court finds the Agreement is fair and reasonable; and

2. Enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on February 17, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record

Unrepresented Parties